THOMAS LENNARD, Respondent, *v.* SEBASTIAN VISCHER, Appellant.

*Parol evidence is inadmissible to vary the terms of a written contract.*

APPEAL from the District Court of the Fourth Judicial District.

Lennard sued Vischer for work and labour, stating a written agreement made May 10th, 1850, by which the defendant promised to pay the plaintiff $90 per month as long as the plaintiff remained in his employment; and averring that the plaintiff worked for the defendant under the agreement, until discharged by him on the 10th of January, 1851.

The defendant answered, 1st, denying any indebtedness as alleged in the complaint. 2d. Payment. 3d. Alleging, as a set-off, that the plaintiff was indebted to the defendant $1000 for money lent, money paid, &c., and for board and lodging.

The cause was tried by the Court without a jury. The agreement produced in evidence is recited in the opinion of the Court. The plaintiff having rested on proving the agreement, the defendant moved for a nonsuit, because the plaintiff had proved no services; but the motion was overruled on the ground that the answer did not deny the services alleged in the complaint. The defendant proved the payment of about $230; and that the plaintiff boarded with the defendant during the eight months he worked for him, and that his board was worth eleven dollars per week. The plaintiff was then permitted to prove, against the defendant's objection, that the plaintiff's work, according to the current rate of wages, was worth from $90 to $100, with board, and about $150 without board;—in order to show that the board was not to be deducted from the wages. Exceptions were taken to the rulings of the Court. The Court rendered judgment for the plaintiff for $500: from which the defendant appealed; and a statement of facts was made.

*S. W. Holladay* for the appellant. 1st. The parol evidence tended to vary the terms of the written contract, and was there-

fore inadmissible. Chit. Cont. 99, 107; 1 Greenl. Ev. sects. 275–7; 1 Phil. Ev. ch. 10, sec. 2.    2d. The appellant was entitled to an allowance for the plaintiff's board.

*H. McAllister*, contrà.    1st. The nonsuit was properly refused.    Ruckle *v.* Grogan, et al.; Pierson *v.* Cooley, 1 Code Rep. 91; Stokes *v.* Hagar, Ib. 84; Beers *v.* Squire, Ib.; Mier *v.* Cartledge, 2 Ib. 125.    2d. The board, &c., was inadmissible as a set-off.    Stats. 1850, p. 432, 423.    3d. The parol evidence was properly admitted.    1 Greenl. Ev. sects. 275, 284, 288; Cow. & Hill's Notes to 1 Phil. 1474, 1479; Potter *v.* Hopkins, 25 Wend. 417.

Justice MURRAY delivered the opinion of the Court.    This was an action brought by Lennard, the plaintiff in the Court below, upon the following written agreement.  "This is to certify that Thomas Lennard is to have ninety dollars per month as long as he works for me, payable monthly from this date, May 10th, 1850, one year from date.  Sebastian Vischer."    The plaintiff alleged an indebtedness of $720, arising from said contract.    The defendant set up the board of the plaintiff, and money paid on account, by way of set-off.    Upon the trial of the cause in the Court below, the defendant proved, by way of set-off, that the plaintiff had received some $200 on account of his services, and had boarded with the plaintiff for a period of eight months; and that said board was worth $11 per week. The plaintiff then introduced testimony to prove that his services were worth $150 per month without, or $90 with board, which testimony was excepted to.  A judgment was rendered for the plaintiff for $500.    From this judgment the defendant appealed.

Parol evidence cannot be admitted to alter or vary the terms of a written contract.  It is contended that the evidence admitted in the present case did not have the effect to alter or vary, but only to explain the terms of the contract.  The intention of the parties seems to have been expressed with sufficient certainty, and it does not require the light of surrounding circumstances to arrive at their meaning.  The current rate of wages was a matter of no consequence, so long as the parties had stipulated for a specific sum.  The fact that the plaintiff's services were worth

more than $90 per month did not warrant the Court, in the face of a direct contract, in presuming that board was included.

Judgment reversed and new trial ordered.